IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLEOPHUS D. JAMES, | ) |
| Movant, | ) |
| v. | ) No. 4:14-cv-00572-NKL |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

Movant Cleophus D. James filed this case under 28 U.S.C. § 2255, seeking an order vacating, setting aside, or correcting his sentence. [Doc. 1]. The Court previously granted Respondent United States of America's motion to dismiss, [Doc. 5], and dismissed James' case with prejudice, [Doc. 8], on September 17, 2014. James has now filed a motion under Fed. R. Civ. Pro. 59(e), asking the Court to reconsider and set aside its prior Order and to grant the relief originally requested. [Doc. 10]. James' motion [Doc. 10] is denied.

**I.     Background**

James pled guilty to three counts in the underlying criminal case on May 20, 2005, and was sentenced on September 22, 2005, to 382 months' imprisonment.[1] He did not appeal and his sentence therefore became final ten days later, on October 3, 2005.

James filed this case under § 2255 more than seven years later, on June 18, 2014.

---

[1] James received 262 months for armed bank robbery (Count 1); 120 months for use of a firearm in relation to a crime of violence (Count 2, to be served consecutively to Count 1); and 180 months for attempted carjacking (Count 3, to be served concurrently with Counts 1 and 2).

He argued that his conviction for commercial burglary in Kansas did not qualify as a crime of violence in Kansas; that under *Descamps v. U.S.,* 133 S.Ct. 2276 (2013), the Kansas conviction could not be used as a predicate conviction for enhancement of his sentence; and that he should therefore be resentenced to a non-career offender term of 177 months on each count, to be served concurrently.

The Court dismissed his case with prejudice because James had one year, from the date his sentence became final, to file it, *see* § 2255(f)(1), but missed that deadline. The Court also found that *Descamps* does not apply retroactively, making § 2255(f)(3) inapplicable.[2] That subsection provides that the one-year period of limitation runs from the time the Supreme Court newly recognizes a right initially asserted, if the Court makes its holding retroactively applicable to cases on collateral review.

## II. Discussion

James argues that this Court made a mistake in denying relief. First, he argues that § 2255(f)(4) controls the commencement of the running of the period of limitations. Under subsection (f)(4), the one-year limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Here, James argues that the one-year period only began to run "from the date he discovered the facts that made his status as career offender no longer viable," that is, the June 2013 *Descamps* decision, "and that his sentence was now based upon inaccurate information." [Doc. 10, p. 3, citing *Johnson v. U.S.,* 544 U.S. 295

---

[2] § 2255(f)(3) provides that the one-year period of limitation for filing a 2255 motion runs from the time the Supreme Court newly recognizes a right, if the Court makes its holding retroactively applicable to cases on collateral review.

(2005)]. James additionally argues that *Descamps* is retroactive. [Doc. 10, pp. 5-6, citing *Olten v. U.S.,* 565 Fed. Appx. 558 (8th Cir. 2014)]. Therefore, James concludes, he timely filed his § 2255 case and is entitled to relief.

First, James has identified no "fact" that triggers § 2255(f)(4). In *Johnson*, which James cites, the Supreme Court held that a state court order vacating a prisoner's prior state conviction could justify a new one-year limitation period for filing a 2255 motion, because the order was a new "fact." 544 U.S. at 306-07. A "predicate conviction has long been understood to be 'subject to proof or disproof like any other factual issue.'" *E.J.R.E. v. U.S.,* 453 F.3d 1094, 1098 (8th Cir. 2006) (citing and quoting *Johnson*, 544 U.S. at 307). But the meaning of a decision made by a court is not an "operative fact," it "is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." *Id.* (citing *Shannon v. Newland,* 410 F.3d 1083, 1089 (8th Cir. 2005) (Explaining that a court "would never, for example, ask a jury to decide whether a judicial decision had indeed changed a state's law…, nor would the parties introduce evidence on such a question.")). Put another way, for a court ruling to trigger a reset of the one-year statute of limitations under § 2255(f)(4), the ruling must have occurred in the petitioner's own case. *U.S. v. Sawyer,* 552 Fed. Appx. 230, 232 (4th Cir. 2014).

In addition, and as the Court explained in its dismissal Order, *Descamps* is not retroactively applicable on collateral review. *See U.S. v. Copeland,* 2014 WL 4092264 at \*2, n.2 (N.D. Fla. 9/19/2014) (listing numerous cases in which courts have so held). James argues that an unpublished decision, *Olten v. U.S.,* 565 Fed. Appx. 558 (8th Cir. 2014), demonstrates to the contrary. It does not. In *Olten,* the district court had

3

held that the prisoner's prior California convictions met the definition of generic burglary, qualified as violent felonies, and could therefore be used to enhance his sentence under the Armed Career Criminal Act (ACCA). 565 Fed. Appx. at 559. On appeal, the circuit court agreed. *Id.* Olten filed a petition for writ of *certiorari* on August 7, 2013, and on November 18, 2013, the Supreme Court vacated and remanded for further consideration in light of *Descamps*, *id.*, which had been decided three months earlier. But Olten's § 2255 motion was on direct appeal at the time the *Descamps* case was decided. Therefore any subsequent review by the Eighth Circuit was not retroactive, it was simply part of his direct appeal of the denial of his timely filed § 2255 motion. Had James' § 2255 motion been timely filed and on review at the time *Descamps* was decided, it would have applied to him as well.

The one-year period of limitation for James to file under § 2255 commenced on the day James' sentence became final, *see* § 2255(f)(1), and had long passed by the time he filed his § 2255 motion. Neither subsection (f)(3) nor (f)(4) applies to trigger a later commencement of the one-year period.

### III. Conclusion

Plaintiff James' motion for reconsideration [Doc. 10] is denied.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: December 11, 2014
Jefferson City, Missouri