IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLEOPHUS D. JAMES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:14-cv-00572-NKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Movant Cleophus D. James requests relief from judgment under Rule 60(b)(1) and (6). [Doc. 19.] The motion is denied.

James filed this case under 28 U.S.C. § 2255, requesting an order vacating, setting aside, or correcting his sentence. The Court granted Respondent United States of America's motion to dismiss, with prejudice. [Doc. 8.] James then filed a motion for reconsideration under Fed. R. Civ. Pro. 59(e), and the Court denied it. [Doc. 17]. Now in his motion under Rule 60(b)(1) and (6), James challenges the Court's prior ruling that *Descamps v. U.S.,* 133 S.Ct. 2276 (2013), does not apply apply retroactively to the collateral attack of a sentence, as the Court explained in its order of dismissal, and again in its order denying his motion for reconsideration.

Generally, "Rule 60(b) authorizes relief in only the most exceptional cases." *White v. Nat'l Football League,* 756 F.3d 585, 596 (8th Cir. 2014) (quotation and citations omitted). The case before the Court presents no exceptional circumstances. Under Rule 60(b)(1), a court may relieve a party from a final judgment based on mistake, which

"encompass judicial error or omission." *Knox v. Lichtenstein*, 654 F.2d 19, 22 (8th Cir. 1981). But James simply disagrees with the Court's view of *Descamps*. He identifies no judicial error or omission, and the Court, having reviewed its prior orders, discerns none.

For much the same reason subsection (b)(1) provides James no grounds for relief, subsection (b)(6), which affords relief for "any other reason," also fails to. A district court's interpretation of law that is "by all appearances correct under … prevailing interpretation[s]" does not establish extraordinary circumstances that will justify relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Because the Court followed the prevailing interpretation of *Descamps,* James is not entitled to relief under subsection (b)(6).

Accordingly, James' motion under Rule 60(b)(1) and (6) for relief from judgment [Doc. 19] is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 9, 2015  
Jefferson City, Missouri